## In re HIGBEE CO.
### No. 36119.

District Court, N. D. Ohio, E. D.
June 10, 1943.

———◆———

Jones, Day, Cockley & Reavis, of Cleveland, Ohio, for debtor.

Bushnell, Burgess & Fulton, of Cleveland, Ohio, for Metropolitan Life Ins. Co.

I. Walter Sharp, of Cleveland, Ohio, for Cleveland Terminals Bldg. Co.

M. B. & H. H. Johnson, of Cleveland, Ohio, for Preferred Stockholders' Protective Committee.

Baker, Hostetler & Patterson, of Cleveland, Ohio, for J. P. Morgan & Co., Cleveland Trust Co., and Midland Bank.

J. Fred Potts and John H. McNeal, both of Cleveland, Ohio, for J. Fred Potts.

Robert W. Purcell, of Cleveland, Ohio, for Robert R. Young.

McKeehan, Merrick, Arter & Stewart, of Cleveland, Ohio, for Bradley and Murphy.

Robert J. Bulkley and James A. Butler, both of Cleveland, Ohio, for Young and Kirby.

Cummings, Mook, Strong & Douglas, of Cleveland, Ohio, for Cleveland Trust Co.

Mooney, Hahn, Loeser, Keough & Freedheim, of Cleveland, Ohio, for National City Bank.

Richard Ainsworth, of Cleveland, Ohio, for Securities and Exchange Commission.

JONES, District Judge.

Based upon a knowledge of the history of these proceedings, it must frankly be said that this matter arises out of a personal controversy between the exceptor Young, and Bradley and Murphy, growing out of earlier relationships and over the control of the Higbee Company. One phase of the contest respecting ownership of the junior indebedness of The Higbee Company has been heard and decided by this Court. See 50 F.Supp. 114. The matter is now on appeal. That controversy did not involve the Higbee reorganization and the question presented here does not involve the Higbee reorganization, as I see it.

The Higbee Company plan of reorganization long since has been confirmed and was acceptable to every interest except to preferred stockholders Potts and Boag, who appealed from the order of confirmation of this court. While the appeal was pending, Bradley and Murphy negotiated with Potts and Boag and bought their stock in consideration of these two stockholders dismissing their appeal. Before the appeal was dismissed, Young petitioned the Circuit Court of Appeals to intervene on the ground that Potts and Boag had brought the appeal as representatives of other first preferred stockholders of The Higbee Company; that he, Young, was one of such stockholders and desired to oppose dismissal. The Circuit Court of Appeals, upon hearing, denied his petition to intervene and entered a dismissal of the appeal. Young v. Higbee Co., 6 Cir., 142 F.2d 1004. Young now seeks in this court an order permitting him to engage attorneys on behalf of The Higbee Company and to sue Potts and Boag and Bradley and Murphy for an accounting in respect of the stock sale for the benefit of The Higbee Company, or, in the alternative, for the benefit of all first preferred shareholders. This, in substance and effect, presents the same questions raised by the

petition to intervene in the Circuit Court of Appeals, and which was determined adversely to Young.

It is true that Potts and Boag were at one time members of a preferred stockholders' committee, from which they resigned in November, 1940, because of disagreement over policy, the treatment of the junior indebtedness, and other matters relating to the plan as it affected first preferred stockholders. It also is true that they did try to form another committee, but nothing came of it. No stockholders responded and none sought to join with them. The record indicates that Young was given an opportunity to join, but would take no active part in such proposal. Potts and Boag had opposed the approval and confirmation of the plan consistently, upon several grounds, as not fair and equitable to the first preferred stockholders, but I am unable to find that in their objections to the confirmation and their appeal from the order of confirmation they were representing any stockholders except themselves.

It well may be that Bradley and Murphy paid a sum greatly in excess of the then value of the first preferred stock, but that was an investment for which they were personally responsible and The Higbee Company was in no way affected or involved. Nor were its assets or financial position in any way impaired. Bradley and Murphy must have believed that their personal financial interest in the Higbee Company justified the sum paid by them for the Potts and Boag stock, in the interest of terminating the controversy over the confirmation of the plan of reorganization. Thus, it seems to me the question of whether the amended application for the institution of suit should receive favorable action in the alternative wholly depends upon whether Potts and Boag were appealing from the order of confirmation as representatives of all first preferred shareholders or solely in their individual capacities.

No other stockholder appears to have joined in the appeal or had sought to intervene, although the first preferred shareholders were adequately represented by a then existing committee with counsel; and, except for Young's petition to intervene in the Circuit Court of Appeals to oppose dismissal, no other preferred stockholder, or any stockholders' committee, except Potts and Boag, had filed any objection. No other preferred stockholder has joined with Young in this proceeding, nor has his amended application been presented as a class proceeding brought on behalf of other first preferred stockholders.

The fact that Potts and Boag continued to urge that the plan was unfair and inequitable to the first preferred stockholders does not support the claim that they were representing all such preferred stockholders. Under the Bankruptcy Act, §§ 206, 209, 11 U.S.C.A. §§ 606, 609, any stockholder may act on his own behalf. The Court did refuse to enter an order approving the sale of the stock, because there was no basis upon which to bottom its approval. It was not clear then what the effect of the sale might be and the Court did not wish to foreclose any question in regard to it as it might affect the reorganization or the debtor; but neither The Higbee Company nor its reorganization was affected, nor were its assets in any way impaired by the sale of the stock or the dismissal of the appeal.

If Bradley and Murphy chose to obligate themselves personally by the payment of a sum so far in excess of the then market value of the stock, for the purpose of buying peace for The Higbee Company and for themselves, as owners of other securities of The Higbee Company, I do not see how they thus could make themselves liable to either Higbee or the first preferred stockholders. I am unable to find that Bradley and Murphy had any reason to believe that Potts and Boag were representing any stockholders but themselves in filing their appeal or in negotiating for the sale of their stock and the dismissal of the appeal.

Since the Court is unable to find, under the circumstances presented, that Potts and Boag were acting in a representative capacity, or on behalf of all or any other first preferred stockholders, in opposing the final confirmation or in prosecuting an appeal from the order of confirmation, the amended application for institution of proceedings must be denied and dismissed. Although, in the view of the case taken, it is unnecessary to decide the question of jurisdiction considered by the Master, I am inclined to the opinion that the bankruptcy court would have adequate jurisdiction and power to determine the question of accountability for such sale and dismissal of appeal if Potts and Boag had been found to have been representing or acting in behalf of other preferred stockholders in opposing confirmation of the plan and in the prosecution of the appeal, and this for the reason that at that stage of the proceedings, and until discharge

after the plan should be put in execution, the Court retains jurisdiction adequate to protect the rights of creditors and stockholders as well as the rights of the debtor.

With this qualification, the report of the Master will be confirmed and his recommendation and findings of fact and conclusions of law approved and adopted.